IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FRANK MORRIS STOVALL, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | 5:13-CV-00754-DAE |
| F/N/U Flores, | ) ) ) | |
| Defendant. | ) ) ) | |

ORDER: (1) VACATING JUDGMENT ENTERED DECEMBER 2, 2013; (2) DISMISSING CLAIM AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM

Before the Court is Frank Morris Stovall's ("Plaintiff") Response to the Court's Order to Show Cause (Dkt. # 24). On December 2, 2013, this Court entered an Order dismissing Plaintiff's claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with the Court's order. (Dkt. # 22 ("Dismissal Order").) Judgment was entered pursuant to the Dismissal Order the same day. (Dkt. # 23). This Court's

previous Judgment dated December 2, 2013, is **VACATED** for consideration of Plaintiff's late-filed response to the Court's Show Cause Order.

On September 20, 2013, the Court ordered Plaintiff to show cause why his civil rights claim should not be dismissed for failure to state a claim for relief.  (Dkt. # 18 ("Show Cause Order").)  The Court ordered Plaintiff to clarify his allegations to cure inconsistencies therein.  (Id.)  Plaintiff was provided with twenty-one days in which to respond, and was notified that if he failed to respond to the Show Cause Order his complaint would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with an order of the Court.  (Id.)   A response was due on October 11, 2013.  (Id.)

On October 18, 2013, Plaintiff filed a "Motion for Discovery," which was construed as a motion for extension of time to comply with the Court's Show Cause Order.  (Dkt. # 21.)  The Court granted the motion for extension of time and extended the deadline to respond to the Show Cause Order to November, 14, 2013.  (Dkt. #21.)  Plaintiff did not file a response to the show cause order.

On December 3, 2013, one day after judgment was entered dismissing his complaint, Plaintiff filed his Response to the Show Cause Order.  (Dkt. #24.)  Although untimely, the Court will review the Plaintiff's response to determine whether he has shown sufficient cause as to why his civil rights complaint should not be dismissed.

The Show Cause Order specifically asserted that to establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. (Dkt. #18 at 3); see Estelle v. Gamble, 429 U.S. 97, 103–104 (1978). The Order directed Plaintiff to clarify his allegations as to whether Nurse Flores sent him to the sergeant desk to get a snack to raise his blood-sugar level in order to determine whether she was deliberately indifferent to Plaintiff's medical needs. (Dkt. #18 at 4.) The Order also required Plaintiff to clarify inconsistencies regarding whether he had a seizure and, if so, when such seizure occurred and whether action or inaction of Nurse Flores caused such a seizure. (Id.) Plaintiff has alleged no new facts in his response to the order to show cause. Instead, Plaintiff asserts he has shown "good cause in his Original Complaint as to the allegations as to the cause of action that is the reason for this civil action" and "requests this Court to liberally construe his pro se complaint to plead allegations of medical indifference arising for denial of his medication, i.e., insulin." (Dkt. # 24 at 2.)

The Court **VACATES** its Judgment dismissing Plaintiff's claims entered on December 2, 2013. (Dkt. # 12.) However, after considering Plaintiff's late Response to the Court's Show Cause Order, the Court concludes Plaintiff has not shown sufficient cause and has failed to allege any new facts to state a claim

for relief. Accordingly, this Court holds Plaintiff's civil rights complaint is **DISMISSED** as frivolous and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

    **IT IS SO ORDERED**.

    **DATED**: San Antonio, Texas, December 10, 2013.

_____
David Alan Ezra
Senior United States Distict Judge